IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BANK OF COMMERCE, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. CIV-23-204-D |
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, *et al.*, | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is the Motion to Dismiss [Doc. No. 14] of Defendants State Automobile Mutual Insurance Company ("State Auto Mutual") and State Auto Financial Corporation ("State Auto Financial") under Fed. R. Civ. P. 12(b)(6). Plaintiff has timely opposed the Motion, which is fully briefed and ripe for consideration. *See* Pl.'s Resp. Br. [Doc. No. 19]; Defs.' Reply Br. [Doc. No. 23].[1]

**Factual and Procedural Background**

Plaintiff's action, which began in state court, concerns an insurance claim for damage to real property in Lawton, Oklahoma. Plaintiff alleges that the property was covered by an insurance policy issued by Defendant State Auto Property and Casualty Insurance Company ("State Auto P&C") under which Plaintiff was an additional named insured as the mortgagee of the property. *See* Pet. [Doc. No. 1-2], ¶ 11. Plaintiff states

[1] In a footnote of their Reply Brief, Defendants purport to incorporate their arguments in another brief. *See* Reply. Br. at 2 n.1. This improper tactic, which would result in a brief far exceeding the page limit of LCvR7.1(i), is disregarded.

that on February 18, 2021, the insured property "suffered significant damage as a result of an unprecedented polar vortex event, against which occurrence the insured took reasonable precautions." *Id.* ¶ 12. Plaintiff alleges an insurance claim was submitted to "State Auto Group," which is alleged to be "an unincorporated association of companies" that included as members State Auto P&C, State Auto Mutual, and State Auto Financial. *Id.* ¶¶ 6, 13. Plaintiff claims that "Defendants unreasonably and in breach of their contract delayed investigation, failed to promptly or properly investigate or evaluate, and denied the [insurance] claim;" that "[a]fter being questioned about their claims handling, Defendants then made an unfair, biased and unreasonable investigation and evaluation of the damage to the real property that . . . caus[ed] Plaintiff additional economic damages;" and that, in a litany of ways, Defendants breached "their duty to deal fairly and in good faith with their insured." *Id.* ¶¶ 14, 17.

Defendants removed the case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff challenged the allegations of diverse citizenship by filing a motion to remand, which was denied. *See* 6/1/23 Order [Doc. No. 25]. Having determined that jurisdiction exists, the Court now turns to the sufficiency of Plaintiff's pleading to state claims against the moving defendants, State Auto Mutual and State Auto Financial (hereafter referred to collectively as "Movants").

Movants assert that Plaintiff's claims against them "fail as a matter of law because they did not issue the Policy." *See* Defs.' Mot. Dismiss at 2. Movants argue that they could not breach a contract to which they were not parties, that they did not owe a duty of good faith to insureds with which they had no relationship, and that Plaintiff "fails to allege

facts sufficient to establish that [Movants] are alter egos of [State Auto P&C] under the applicable law," which they contend is the law of Iowa because State Auto P&C is an Iowa corporation. *See id*. at 4, 6-11.

**Standard of Decision**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. In assessing plausibility, a court should first disregard conclusory allegations and "next consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief" under the legal theory proposed. *Id*. at 681; *see Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007).

In limited circumstances, matters outside a complaint can be considered under Rule 12(b)(6). *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007). In this case, Movants have submitted a copy of the insurance policy on which Plaintiff's action is based. *See* Mot. Dismiss, Ex. 1 [Doc. No. 14-1] (the "Policy"). Because the authenticity of this document is unchallenged, it is proper for consideration. *See Gee*, 627 F.3d at 1186

(district court may consider "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity"); *accord Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017).

Plaintiff relies on additional materials attached to its brief or previously submitted with its remand motion, which allegedly are excerpts of records that Defendants filed with the Oklahoma Insurance Commission or the Securities and Exchange Commission. *See* Resp. Br. at 6-7, 11-12, 14 and 20. Plaintiff's use of these materials to establish facts stated in the records is improper under Rule 12(b)(6). *See Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006) (although "facts subject to judicial notice" can be considered, public records "may only be considered to show their contents, not to prove the truth of matters asserted therein") (internal quotations omitted); *see also Pace v. Swerdlow*, 519 F.3d 1067, 1072-73 (10th Cir. 2008) (federal courts can "take judicial notice of adjudicative facts"). Thus, these materials are disregarded.

**Discussion**

Movants challenge the sufficiency of Plaintiff's allegations to state a plausible claim against them under Oklahoma law because they were strangers to the Policy.[2] *See* Mot. Dismiss at 4-6; Reply Br. at 1. Movants assert that Plaintiff must plead and prove a basis to pierce the corporate veil of the issuer of the Policy, State Auto P&C, before Plaintiff can hold another entity liable for the named insurer's alleged breach of its contractual and

---

[2] The parties agree that Plaintiff's substantive claims are governed by Oklahoma law. Defendants disagree only as to any issue of their vicarious liability for State Auto P&C's conduct.

implied duties of good faith toward the insureds. Movants argue that Plaintiff's pleading alleges insufficient facts to hold them liable as alter egos of State Auto P&C under Iowa law, which allegedly governs this issue and requires proof that the corporation was used to perpetuate fraud or promote injustice. *See id*. at 6-13.

Plaintiff disagrees with the legal premise of the Motion, and asserts that its pleading sufficiently states a claim against Movants under Oklahoma law. Plaintiff relies on precedent recognizing that, under proper circumstances, an affiliated company of the named insurer may owe a duty of good faith and fair dealing to an insured. *See*, *e.g.*, *Badillo v. Mid Century Ins. Co*., 2005 OK 48, ¶¶ 52-53, 121 P.3d 1080, 1101. Plaintiff also argues that an unincorporated association, such as State Auto Group, may be held liable for conduct committed by its members in pursuit of a joint enterprise. *See Oliver v. Farmers Ins. Grp.*, 1997 OK71, ¶ 16, 941 P.2d 985, 988; *see also* Okla. Stat. tit. 12, ¶ 182. Plaintiff points to allegations of its pleading that Defendants are interrelated companies that share insurance business under a pooling arrangement, and operate as an unincorporated association known as State Auto Group or State Auto Insurance Companies. *See* Pl.'s Resp. Br. at 3-4, 11, 13-18. Plaintiff emphasizes that the Policy was a businessowners insurance policy using forms bearing the name "State Auto Insurance Companies," and it specifically identified State Auto Mutual as one of those companies. *See id*. at 13 (citing Policy at pp.3-5 and pp.8-51 (ECF page numbering)).

First, regarding Movants' liability as insurers, Plaintiff provides no legal authority for the proposition that an insurance pooling arrangement among related corporations is sufficient by itself to create shared liability under an insurance policy or create duties of

corporations that did not issue the policy. Under Oklahoma law (if it governs this issue), pooling of assets and liabilities is one factor to be considered under traditional rules for piercing the corporate veil. *See Oliver*, 1997 OK 71, ¶ 11, 941 P.2d at 987-88. In Oklahoma, "[t]he question hinges primarily on control." *Id*. 1997 OK 71, ¶ 8, 941 P.2d at 987 (listing factors identified in *Frazier v. Bryan Mem. Hosp. Auth*., 775 P.2d 281, 288 (1989)). The Court finds that Plaintiff's pleading contains insufficient facts to state a plausible claim against State Auto Mutual or State Auto Financial for any contractual or tort liability that State Auto P&C may have as the insurer that issued the Policy.[3]

Second, Oklahoma law applies "the duty of good faith and fair dealing to a third party stranger to the insurance contract when the third party acts so like an insurer that it develops a special relationship with the insured, essentially giving the third party the power, motive, and opportunity to act unscrupulously." *Trinity Baptist Church v. Bhd. Mut. Ins. Servs., LLC*, 2014 OK 106, ¶ 16, 341 P.3d 75, 81 (citations omitted). Applying this principle in *Badillo*, the supreme court found that two affiliated companies "under the umbrella of Farmers Insurance Group of Companies . . . acted as one entity in regard to insured's policy relating to [a third party] claim," and both owed a duty of good faith and fair dealing toward the insured. *See Badillo*, 2005 OK 48, ¶ 53, 121 P.3d at 1101. The

---

[3] As a result of this conclusion, the Court does not reach the issue raised by Movants regarding different state laws for establishing alter ego liability. However, Movants' position is well supported that under the choice of law rules of Oklahoma, the forum state, the law of the state of incorporation for State Auto P&C would apply to the issue of whether its corporate structure should be disregarded. *See Canal Ins. Co. v. Montello, Inc.*, 822 F. Supp. 2d 1177, 1184 (N.D. Okla. 2011); *Crabb v. CSAA Gen. Ins. Co.*, Case No. CIV-21-303-F, 2021 WL 3115393, *5 (W.D. Okla. July 22, 2021) (unpublished).

Court finds that Plaintiff does not allege sufficient facts to establish tort liability of Movants under this theory. Plaintiff does not allege that State Auto Mutual or State Auto Financial played any part in handling the insurance claim or acted sufficiently like an insurer toward the insureds to owe them a duty of good faith and fair dealing.

Finally, the Court rejects Plaintiff's argument that Movants may be held liable based on their alleged membership in State Auto Group or State Auto Insurance Companies. The legal authorities on which Plaintiff relies hold that, under appropriate circumstances, an unincorporated association of companies in the business of insuring against risks may be sued as an insurer with duties to the insured. *See Oliver*, 1997 OK 71, ¶ 16, 941 P.2d at 988. However, "[a]ny ultimate liability of companies in the Group other than the [issuer of the policy] would be dependent on the plaintiff's ability to show the 'control' factors articulated in *Frazier*, *supra*." *Id*. Here, Plaintiff has not sued State Auto Group or State Auto Insurance Companies as a separately named defendant. Nor has Plaintiff alleged sufficient facts to show that either Movant controlled the association to the extent that they may be liable for the conduct of the group.

**Conclusion**

For these reasons, the Court finds that Plaintiff's pleading fails to state a plausible claim against State Auto Mutual or State Auto Financial and thus Movants are entitled to a dismissal of Plaintiff's pleading. The Court further finds that this dismissal should be without prejudice to amendment, if appropriate.[4]

---

[4] The Court cannot say that allowing Plaintiff an opportunity to amend would be futile. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss [Doc. No. 14] is **GRANTED**. Plaintiff is authorized to file an amended complaint within 14 days from the date of this Order.

**IT IS SO ORDERED** this 20th day of June, 2023.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile."); *accord Serna v. Denver Police Dep't*, 58 F.4th 1167, 1172 (10th Cir. 2023) ("dismissal without leave to amend is appropriate if it would be futile to allow the plaintiff an opportunity to amend").